UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JASON MICHAEL SALYER,     Plaintiff,

v.     Civil Action No. 3:16-cv-P250-DJH

DANNY ALLEN *et al.*,     Defendants.

\* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Jason Michael Salyer filed this *pro se* action pursuant to 42 U.S.C. § 1983 proceeding *in forma pauperis*. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial review, for the reasons set forth herein, the Court will dismiss this action.

### I.

Plaintiff is an inmate at the Hardin County Detention Center (HCDC). He indicates that he is a pretrial detainee. He sues the following five Defendants: (1) Danny Allen, the Jailer at HCDC; (2) John Timbers, "Major of operations" at HCDC; (3) Walter Hinote, "Captain of operations" at HCDC; (4) Robert Reynolds, "Lieutenant of operations" at HCDC; and (5) HCDC. He sues all Defendants in their individual and official capacities. As relief for the alleged violations, Plaintiff seeks monetary damages.

It appears that Plaintiff is making three separate claims in his complaint. The first involves access to a law library. Plaintiff states that on or about February 4, 2016, he "put in a request for law library after approxatmently 6 days after no response [he] then submitted yet another one after several days of waiting [he] then informed [his] wife to start calling this facility

to see whats wrong if anything." Plaintiff states that his wife could not find out any helpful information. According to Plaintiff, he filed a grievance on February 21, 2016, "to no avail." Plaintiff states that "[a]fter exhausting all internal rememides [he] put in a request for an 1983 form. After less than 3 hours they called [him] up front to talk to with [Defendant Reynolds]." According to Plaintiff, Defendant Reynolds told Plaintiff that "a law library was not a right and therefore neither [Plaintiff] or anyone else has to take anyone to do any research on their cases since it is not the law nor is it [Plaintiff's] right to mount a proper legal defence."

The second claim in the complaint involves copies for legal work. Plaintiff states that HCDC "will not provide copies for legal work and therefore [he] believe[s] that they make it impassible for [him] to defend [himself] due to their hindering [his] due process."

As to the third claim, Plaintiff states that "they are over charging their boundries by taking 50% of all funds inmate receive."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual

2

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). This Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### *A. Access to Law Library and Copies*

Plaintiff alleges that Defendants have denied him access to a law library and "will not provide copies for legal work." Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right of access to the courts "is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement." *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003). The courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance"). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* (quoting *Bounds v. Smith*, 430 U.S. at 825). Likewise, "[t]o sustain a claim under section 1983 based on denial of copying privileges, an inmate must show that the denial prevented him from exercising his constitutional right of access to the courts." *Kendrick v. Bland*, 586 F. Supp. 1536, 1554 (W.D. Ky. 1984); *see also Courtemanche v. Gregels*, 79 F. App'x at 117 ("[T]he right of access does not include a per se right to photocopies in whatever amount a prisoner requests."); *Tinch v. Huggins*, No. 99-3436, 2000 WL 178418, at *1 (6th Cir. Feb. 8, 2000) ("The law is well settled that inmates do not enjoy a federally protected right in free photocopying services.").

In order to state a claim for interference with access to the courts, a plaintiff must show an actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "[A]n inmate cannot

establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. at 351. "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Furthermore, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Court held in *Christopher* that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

In the present case, Plaintiff fails to allege actual injury or prejudice to his pending criminal action or any other pending legal action or state how any legal action in which he is involved was hindered. Accordingly, Plaintiff's claims that he was denied access to a law library and to copies fail to state a constitutional violation and will be dismissed.

### B. Inmate Funds

Plaintiff alleges that "they are over charging their boundries by taking 50% of all funds inmate receive." Since Plaintiff fails to refer to or allege the unconstitutionality of any of the

deductions being made from his account, it appears that his concern is with the proportion of his funds that are allowed to go toward payment of his debts. Withdrawing one-half of Plaintiff's funds to pay court costs and fees does not violate an inmate's constitutional rights. *See Erdman v. Martin*, 52 F. App'x 801, 803 (6th Cir. 2002) (finding that the withdrawal of all of the funds in the plaintiff's prison trust account was not a due process violation since the withdrawals were pursuant to court orders and being used to benefit the plaintiff); *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989) (finding that the requirement that inmates assign one-half of their savings from prior prison work in order to continue in their Federal Prison Industries job assignments did not violate their due process rights); *see also Bailey v. Carter*, 15 F. App'x 245, 249 (6th Cir. 2001) (holding that charging inmates per diem or co-pay fees does not violate the Fifth Amendment because the inmates receive services (housing, food, and medical care) in exchange for the fees).

Further, the Sixth Circuit has held that the Federal Constitution does not require the state to provide inmates with a predeprivation hearing prior to assessing fees against them. S*ickles v. Campbell Cty., Ky.*, 501 F.3d 726, 730-32 (6th Cir. 2007); *see also Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923-27 (8th Cir. 2016) (finding that plaintiffs did not plead facts sufficient to show that the lack of a predeprivation hearing prior to imposing a book fee was a violation of constitutional rights that is actionable under 42 U.S.C. § 1983); *Cole v. Warren Cty., Ky.*, No. 1:11-CV-00189-JHM, 2012 WL 1950419, at *6-8 (W.D. Ky. May 30, 2012) (finding no Fourteenth Amendment violation when defendants deducted fees from plaintiffs' inmate accounts that were not authorized by statute); *Harper v. Oldham Cty. Jail*, No. 3:10CV-P735-S,

6

2011 WL 1399771, at *6 (W.D. Ky. Apr. 13, 2011) (finding that the Oldham County Jail was not required to provide plaintiffs with a predeprivation hearing before assessing per diem fees).

Moreover, even if Plaintiff's allegation could be construed as a due process claim for the unauthorized, intentional deprivation of property, the complaint fails to state a claim. The Sixth Circuit has held that "[i]n § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The same rationale applies to claims under the Fifth Amendment Takings Clause; that is, no taking has occurred absent a showing that available remedies have been pursued and have failed to provide adequate compensation. *Hudson v. Palmer*, 468 U.S. 517, 539 (1984) (O'Connor, J., concurring).

> As explained by Justice O'Connor,
>
> [A] mere allegation of property deprivation does not by itself state a constitutional claim under either [the Due Process or Takings] Clause. The Constitution requires the Government, if it deprives people of their property, to provide due process of law and to make just compensation for any takings. The due process requirement means that Government must provide to the inmate the remedies it promised would be available. Concomitantly, the just compensation requirement means that the remedies made available must adequately compensate for any takings that have occurred. Thus, in challenging a property deprivation, the claimant must either avail himself of the remedies guaranteed by state law or prove that the available remedies are inadequate. When adequate remedies are provided and followed, no uncompensated taking or deprivation of property without due process can result.

*Hudson v. Palmer*, 468 U.S. at 539 (citations omitted). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). Plaintiff "may not seek relief under Section 1983 without first pleading and proving the

inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Id.* at 588. Plaintiff has failed to demonstrate an inadequacy of state remedies in the case at bar.

For these reasons, Plaintiff's claim regarding the withdrawal of funds that he receives fails to state a claim upon which relief may be granted and will be dismissed.

The Court will enter a separate Order dismissing this case.

Date: September 26, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
4415.003

8